**Last revised: August 1, 2017**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:                                    Case No.:            16-31482

Wade N. Cohen,                            Judge:                  ABA

                    Debtor(s)

## Chapter 13 Plan and Motions

☐ Original        SECOND ☒ Modified/Notice Required        Date:            1/3/2018

☒ Motions Included        ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor.  This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney.  Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*.  Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien.  The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate.  An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney:    KAW        Initial Debtor:      WNC        Initial Co-Debtor:

**Part 1:    Payment and Length of Plan**

a.  The debtor shall pay $ _____350.00_____ per _____month_____ to the Chapter 13 Trustee, starting on _____February 1, 2018_____ for approximately _____46 more_____ months. for a total of 58 months

b.  The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:

☒  Sale of real property
Description:  23 Tenby Chase Drive, Voorhees
Proposed date for completion: _____August 2018_____

☐  Refinance of real property:
Description:
Proposed date for completion: _____

☐  Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☒ Other information that may be important relating to the payment and length of plan:

Debtor is in LMP and adequate protection payments will be paid pending the sale.

2

## Part 2:    Adequate Protection ☒ NONE

   a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

   b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3:    Priority Claims (Including Administrative Expenses)

   a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 1,810.00 (plus $1,000 supp fees) |
| DOMESTIC SUPPORT OBLIGATION | | Priscilla P. Cohen-$0.00 (DSO Paid directly for current support & arrears portion) |

   b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

   ☒ None

   ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| State of NJ-Priority | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: | $190.52 | $190.52 |

## Part 4:   Secured Claims

**a.  Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Ditech | Residence | $161,589.15 | n/a | $0.00 (Sale of Property Sought) | $2,313.00 |

**b.  Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**c.  Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ **NONE**

1.)  The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Navy Federal Credit Union | 2005 Toyota Avalon (255,000 miles) | $14,880.20 | $6,425.00 | n/a | $6,425.00 | 4.5% | $5,986.8 ($7,186.80 less $1,200 received on account 11/19/16 post petition) |

2.)  Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| State of New Jersey | Chattel | $4,402.47 (per claim 5) |

## Part 5:    Unsecured Claims ☐ NONE

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than _____0_____ percent

☐ *Pro Rata* distribution from any remaining funds

**b. Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6:    Executory Contracts and Unexpired Leases ☐ NONE

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Posel Management | n/a | Business Lease (Brewed from the Heart) | Rejected | n/a |

6

**Part 7:    Motions  ☐ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

**a.  Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|----------|----------------------|--------------|----------------|---------------------|------------------------------|---------------------------------------------|------------------------------|
|          |                      |              |                |                     |                              |                                             |                              |

**b.  Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.   ☒ NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|----------|------------|----------------|------------------------|----------------|---------------------------------------------|------------------------------------------|
|          |            |                |                        |                |                                             |                                          |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| Navy Federal Credit Union | 2005 Toyota Avalon (255,000 miles) | $14,880.20 | $6,425.00 | $6,425.00 at filing date | Any and all balance above the cram amount shall be deemed unsecured and discharged |

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒  Upon confirmation

☐  Upon discharge

**b.  Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c.  Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2)  Attorney fees to Law Office of Kimberly A. Wilson, LLC

3)  Priority Claims

4)  Allowed Secured Claims and 5) Unsecured claims if any

**d.  Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification  ☐ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _2/7/2017_____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| 1. Debtor has listed his property for sale. <br> 2. Plan updated pursuant to amended claims. <br> 3. Posel lease rejected. | 1.  Property listed in Part1(c). <br> 2.  Claim amounts updated. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐  Yes    ☒  No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: _1/3/2018_____        _/s/Kimberly A. Wilson_____
                                                               Attorney for the Debtor

Date:  _1/3/2018_____        _/s/Wade N. Cohen_____
                                                               Debtor

Date: _____        _____
                                                               Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: _11/7/2017_____                    _/s/Kimberly A. Wilson_____
                                                        Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: _11/7/2017_____                    _/s/Wade N. Cohen_____
                                                        Debtor

Date: _____                    _____
                                                        Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                            Case No. 16-31482-ABA
Wade N Cohen                                                      Chapter 13
          Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-1          User: admin          Page 1 of 2          Date Rcvd: Jan 11, 2018
                             Form ID: pdf901       Total Noticed: 33

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 13, 2018.
db          +Wade N Cohen,    23 Tenby Chase Drive,    Voorhees, NJ 08043-2962
aty         +Pluese Becker & Saltzman,    2000 Horizon Way,    Ste. 900,   Mt. Laurel, NJ 08054-4303
516518683   +Capital One,    PO Box 30285,    Salt Lake City, UT 84130-0285
516518685   +Navy Federal Credit Union,    PO Box 3700,    Merrifield, VA 22119-3700
516491911   +Pluese, Becker, & Saltzman,    2000 Horizon Way Ste 900,    Mount Laurel, NJ 08054-4303
516518686   +Posel Mnagement Company,    910 Berlin Rd,    Voorhees, NJ 08043-3503
516518681   +Priscilla Peloubet Cohen,    12 Fulmar Drive,    Voorhees, NJ 08043-1626
516518687    Remex, Inc.,    307 Wall Street,    Princeton, NJ 08540-1515
516588593   ++STATE OF NEW JERSEY,   DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
              TRENTON NJ 08646-0245
             (address filed with court: State of New Jersey,     Division of Taxation,   Bankruptcy Section,
              PO Box 245,    Trenton, NJ 08695-0245)
516518688   +State of NJ,   Division of Taxation,    Bankruptcy Division,    PO Box 25 Market Street,
              Trenton, NJ 08625-0025
516519538   +State of NJ,   c/o Attorney General,    25 Market Street,    Trenton, NJ 08611-2148
516518680   +Sturbridge Lakes Association,    Associa Mid-Atlantic,    14000 Horizon Way Ste 200,
              Mt. Laurel, NJ 08054-4342
516518689   +TD Bank USA/Target Credit,    3701 Wayzata Blvd #MS6C,    Minneapolis, MN 55416-3401
516518691   +United States of America,    c/o Attorney General District NJ,    970 Broad Street,
              Newark, NJ 07102-2527
516518692   +Verizon,    500 Technology Drive,    Ste 300,   St. Charles, MO 63304-2225
516519539   +Wells Fargo Bank,    PO Box 14517,    Des Moines, IA 50306-3517
516515863    Wells Fargo Bank N. A.,    PO Box 10438,    Des Moines, IA 50306-0438
516518693    Wells Fargo Bank NA,    1689 Rte 10 East,    Morris Plains, NJ 07950
516673503    Wells Fargo Bank, N.A.,    Wells Fargo Card Services,    PO Box 10438, MAC F8235-02F,
              Des Moines, IA 50306-0438
516518694   +Wells Fargo Card Services,    PO Box 10347,    Des Moines, IA 50306-0347

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg          E-mail/Text: usanj.njbankr@usdoj.gov Jan 11 2018 23:19:06     U.S. Attorney,    970 Broad St.,
              Room 502,   Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg         +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jan 11 2018 23:19:03      United States Trustee,
              Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
              Newark, NJ 07102-5235
lm           E-mail/Text: bankruptcy.bnc@ditech.com Jan 11 2018 23:18:50     Ditech Financial LLC,
              P.O. Box 6154,    Rapid City, SD  57709-6154
cr           E-mail/Text: cio.bncmail@irs.gov Jan 11 2018 23:18:34     Internal Revenue Service,
              955 S. Springfield Avenue,    Springfield, NJ  07081
516716981   +E-mail/Text: bankruptcy@pepcoholdings.com Jan 11 2018 23:18:43      Atlantic City Electric,
              Po Box 13610,    Philadelphia, PA 19101-3610
516518682   +E-mail/Text: clientrep@capitalcollects.com Jan 11 2018 23:20:05      Capital Collection Service,
              PO Box 150,    West Berlin, NJ 08091-0150
516744824   +E-mail/Text: bankruptcy@pepcoholdings.com Jan 11 2018 23:18:43      Delmarva Power and Light Co.,
              5 Collins Dr., Suite 2133,    Mail Stop 84CP42,    Carneys Point, NJ 08069-3600
516491910   +E-mail/Text: bankruptcy.bnc@ditech.com Jan 11 2018 23:18:50     Ditech Financial LLC,
              PO Box 6172,    Rapid City, SD 57709-6172
516671532    E-mail/Text: bankruptcy.bnc@ditech.com Jan 11 2018 23:18:50
              Ditech Financial LLC fka Green Tree Servicing LLC,    P.O. Box 6154,
              Rapid City, South Dakota 57709-6154
516643722    E-mail/Text: JCAP_BNC_Notices@jcap.com Jan 11 2018 23:19:21      Jefferson Capital Systems LLC,
              Po Box 7999,    Saint Cloud Mn 56302-9617
516591801   +E-mail/Text: ext_ebn_inbox@navyfederal.org Jan 11 2018 23:20:02      Navy Federal Credit Union,
              PO Box 3000,    Merrifield, VA 22119-3000
516690310    E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 11 2018 23:25:13
              Portfolio Recovery Associates, LLC,    c/o Capital One Bank, N.A.,    POB 41067,
              Norfolk VA 23541
516667029   +E-mail/PDF: gecsedi@recoverycorp.com Jan 11 2018 23:24:00     Synchrony Bank,
              c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                              TOTAL: 13

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516537738*   +Department of Treasury,   Internal Revenue Service,    P O Box 7346,
              Philadelphia, PA 19101-7346
516518684*    Internal Revenue Service,    Bankruptcy Dept,    PO Box 7346,    Philadelphia, PA 19101-7346
516518690*   +United States of America,    c/o Attorney General,    Dept of Justice-Civil Division,
              950 Pennsylvania Avenue,    Washington, DC 20530-0009
                                                                      TOTALS: 0, * 3, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

```
District/off: 0312-1          User: admin              Page 2 of 2            Date Rcvd: Jan 11, 2018
                              Form ID: pdf901          Total Noticed: 33
```

```
                ***** BYPASSED RECIPIENTS (continued) *****
```

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 13, 2018                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 5, 2018 at the address(es) listed below:
          Denise E. Carlon    on behalf of Creditor    Ditech Financial LLC dcarlon@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
           summarymail@standingtrustee.com
          Isabel C. Balboa    ecfmail@standingtrustee.com,  summarymail@standingtrustee.com
          Kimberly A. Wilson    on behalf of Debtor Wade N Cohen wilson.schroedinger@comcast.net
          Nona  Ostrove    on behalf of Creditor    Sturbridge Lakes Association nostrove@ostrovelaw.com
                                                                              TOTAL: 5
```