# Office of the Chapter 13 Standing Trustee

*Isabel C. Balboa, Chapter 13 Standing Trustee*†

*Jane L. McDonald, Counsel*
*Raymond H. Shockley, Jr., Staff Attorney*
*Jennifer R. Gorchow, Staff Attorney*

*Jennie P. Archer\**
*Kelleen E. Stanley\**
*Jenai M. Cerquoni\**
*\*Certified Bankruptcy Assistant*
†*Fellow, American College of Bankruptcy*

March 15, 2018

The Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court
P.O. Box 2067
Camden, New Jersey 08102

   RE: **Chapter 13 Bankruptcy**
      **Case No. 16-31482 (ABA)**
      **Debtor(s) Name: Wade N. Cohen**

Dear Judge Altenburg:

  Please accept this letter in lieu of a more formal response to Debtor's Motion to Approve Sale of Real Estate returnable April 3, 2018 at 10:00 a.m.

  Debtor's Chapter 13 Plan was confirmed on February 15, 2018, at $3,900 paid to date, then $350 per month for 44 months to pay administrative fees totaling $2,810; cramdown Navy Federal Credit Union to $5,968.80; pay the secured proof of claim of the State of New Jersey in the amount of $4,402.47; pay the priority proof of claim due to the State of New Jersey in the amount of $190.52; with the sale of real estate by August 2018.

  Debtor has obtained a Contract of Sale for the property located at 23 Tenby Drive in the amount of $250,000. On February 28, 2017, Ditech Financial, LLC filed a secured proof of claim in the amount of $350,785.88. Ditech has agreed to accept $225,269 in full satisfaction of the loan.

  Debtor's Certification in Support of Motion and proposed Order seek to avoid a judgment lien obtained by the State of New Jersey Division of Taxation in the amount of $13,749.51 (DJ-259789-2011) and a judgment lien obtained by the New Jersey Department of Labor and Workforce in the amount of $1,650 (DJ-132900-2014). No further information was given with regard to the nature of the debts. Moreover, the judgment liens were not disclosed in Debtor's Bankruptcy Petition and/or Chapter 13 Plan.

  Debtor has not filed Amended Schedules D/E/F to add the judgment lien creditors as creditors in Debtor's case. The creditors have not received proper notice of Debtor's Chapter 13 case nor have they been given the opportunity to file a claim in Debtor's case. Furthermore, it is the Trustee's position that the request to avoid the judgment liens through the Motion to Sell is improper and should be done by separate motion.

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

Payments Only:

P.O. Box 1978
Memphis, TN 38101-1978

Honorable Andrew B. Altenburg, Jr.
Case No. 16-31482 (ABA)
March 14, 2018

 

As always, the Court is welcome to contact the Trustee with any concerns.

Respectfully submitted,

/s/ *Raymond H. Shockley, Jr.*
Raymond H. Shockley, Jr.
Staff Attorney

RHS/jpa
cc:    Kimberly Wilson, Esquire (Via CM/ECF)
       Wade N. Cohen (Via regular mail)

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

Payments Only:

P.O. Box 1978
Memphis, TN 38101-1978

Page **2** of **2**