UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Law Office of Kimberly A. Wilson, LLC
Kimberly A. Wilson, Esquire
24 North White Horse Pike
Somerdale, NJ 08083
(856) 783-4440
(856) 783-5504 fax

Attorney for Debtor,
Wade N. Cohen

Order Filed on April 3, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

Wade N. Cohen,

Debtor.

Case No.:  16-31482 ~~16-23164~~

Hearing Date: April 3, 2018

Chapter: 13

Judge: Andrew B. Altenburg Jr

# ORDER AUTHORIZING
# SALE OF REAL PROPERTY

Recommended Local Form:  ☐ Followed    ☒ Modified

The relief set forth on the following pages numbered two (2) and three (3) is **ORDERED**.

**DATED: April 3, 2018**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

After review of the Debtor's motion for authorization to sell the real property commonly known as _____23 Tenby Chase Drive, Voorhees N.J. 08043_____, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☒   In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

| Name of professional: | Alicia Weister, BHHS | David A. Wollman, Esquire |
|---|---|---|
| Amount to be paid: | $15,000 | $1,500.00 |
| Services rendered: | Listing & Marketing of real property and all customary realtor services in the sale of residential properties through closing. David A. Wollman, Esq. handled the short sale negotiation and real estate attorney services. | |

**OR**: ☐  Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. The amount of $  $3,000.00_ claimed as exempt may be paid to the Debtor.

6. The ☐ *balance of proceeds* or the ☐ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☒ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions:    ORDERED that Fed. R.Bankr. P. 6004(h), which provides for a 14 day stay of this Order is not applicable.

ORDERED that the property can be sold free and clear of the liens of the (Division of Taxation, the State of New Jersey, DJ 259789-2011 and State of New Jersey, Department of Labor, Division of Wage and Hour Compliance, DJ 132900-2014)and are not required to be paid at sale. Any lien of the State would attach to the proceeds of sale, if any.

*rev.8/1/15*